82

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 0 8 2016

David J. Bradley, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. M - 1 6 - 8 7 7** |
| | § | |
| **MARIA TERESA PAZ GARZA** | § | |
| **BERTHA ALICIA LOPEZ** | § | |
| **MIRIAM AGUILAR** | § | |
| **NANCY MONSERRAT GALVAN** | § | |
| **                          RANGEL** | § | |
| **VERONICA CRUZ** | § | |
| **ANGELICA HERRERA SAENZ** | § | |
| **YOLOTZI LARA** | § | |

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

## THE TEXAS MEDICAID PROGRAM

1.      The Texas Medical Assistance Program also known as the Texas Medicaid

program (herein after referred to as "Texas Medicaid"), was implemented under the provisions of

Title XIX of the federal Social Security Act and Chapter 32 of the Texas Human Resources Code,

for the purpose of providing joint state and federal funds to pay for medical benefits, items, or

services furnished to individuals of low income who were qualified and enrolled as Texas

Medicaid recipients.   States desiring to participate in, and receive funding from, the federal

Medicaid program were required to develop a "state plan" for medical assistance and obtain

approval of the plan from the United States Department of Health and Human Services.

1

Upon approval of its state plan, each individual state administered its own Medicaid program, subject to the requirements of the state plan, the Social Security Act, the United States Department of Health and Human Services and all other applicable state and federal laws. Texas Medicaid was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

2.     Texas Medicaid assigned every person qualified and enrolled as a Texas Medicaid recipient a unique personal Texas Medicaid identification number known as a Patient Control Number ("PCN").

3.     The Texas governmental agency known as the Health and Human Services Commission ("HHSC") was the single state Medicaid agency in Texas responsible, subject to oversight by the federal government, for administering the Texas Medicaid program at the state level. Federal funding was only available to the Texas Medicaid program as long as the Texas Medicaid program complied with the terms and requirements of the state plan, the Social Security Act, the United States Department of Health and Human Services, and all other applicable state and federal laws, and with the rules and regulations established by both the federal government and the State of Texas pertaining to Texas Medicaid.

4.     The Texas Medicaid & Healthcare Partnership (hereinafter referred to as "TMHP") was under contract with HHSC to provide certain administrative functions such as provider enrollment, claims processing and payment, and published the Texas Medicaid Provider Procedures Manual which contained the rules and regulations of the Texas Medicaid program established by the state plan and by HHSC. The Texas Medicaid Provider Procedures Manual, bulletins, and banner messages were distributed and available to all Texas Medicaid providers and contained the rules and regulations pertaining to Medicaid-covered services, and instructions on how to appropriately bill for services provided to Medicaid recipients.

2

5.     Texas Medicaid funds were intended to pay for covered medical services furnished to Texas Medicaid recipients, by enrolled Texas Medicaid providers, when such medical services were furnished in accordance with all of the rules, regulations, and laws which governed Texas Medicaid.   Covered Texas Medicaid services included medial services and procedures furnished by physicians and other health care professionals in their offices; as well as certain products, supplies, and services used outside a physician's office such as diabetic and incontinent supplies, which were commonly known as Durable Medical Equipment (DME).

6.     A person or entity that desired to become a Texas Medicaid provider was required to submit an application and sign an agreement which included a promise to comply with all Texas Medicaid related laws and regulations.   Texas Medicaid assigned a unique Texas Provider Identifier ("TPI") number to each approved Texas Medicaid provider.   A person or entity with a TPI number could file claims, also known as bills, with Texas Medicaid to obtain reimbursement for covered medical services which were furnished to Texas Medicaid recipients in accordance with the rules, regulations, and laws pertaining to the Medicaid program.

7.     Texas Medicaid would only pay reimbursement for medical services, including DME, which were prescribed by the recipient's physician and medically necessary to the treatment of the recipient's illness, injury, or condition.   Texas Medicaid required that a completed "Home Health Services (Title XIX) Durable Medical Equipment (DME)/Medical Supplies Physician Order Form" prescribing the DME and/or supplies be signed and dated by a physician familiar with the Texas Medicaid recipient.   Texas Medicaid also required that said form had to be maintained by the DME provider and the prescribing physician in the recipient's medical record.

In addition, Texas Medicaid required that, before submitting a claim for payment, the DME provider had to obtain a "DME Certification and Receipt Form" from the Texas Medicaid recipient (also known as a "delivery ticket"). The DME Certification and Receipt Form was to be signed by both the Texas Medicaid recipient and the DME provider certifying the date that the DME was received by the Texas Medicaid recipient and that the DME had been prescribed by a physician, received by the Texas Medicaid recipient, properly fitted, and met the Texas Medicaid recipient's needs. The DME provider was required to keep that form on file in the patient's medical record.

8.      To receive reimbursement from TMHP for medical services to recipients, Texas Medicaid providers submitted or caused the submission of claims to TMHP, either directly or through a billing company. Claims could be submitted either in paper form or electronically. Texas Medicaid providers could only submit claims on or after the "date of service" to the recipient. For DME, the date of services referred to the date on which the DME was delivered to, and accepted by, the Texas Medicaid recipient.

9.      Managed care organizations (MCO) were contracted by Texas Medicaid to provide coverage for Texas Medicaid recipients. In this system, the recipient picks a health plan and gets Texas Medicaid services through that health plan's network of providers. The MCOs cover the same services that Texas Medicaid covers for the Medicaid fee-for-service recipients.

10.     Texas Medicaid DME suppliers/providers were required to submit their Texas Medicaid claims on a standardized form commonly referred to as a "Form1500", "HCF 1500", or "CMS 1500." Certain specific information was required to be on each claim form, including but not limited to the following:

        a.     the recipient's name and unique personal Texas Medicaid identification number (PCN);

     b.     the date of service;

     c.     the specific uniform code for the diagnosis of, or nature of, the Texas Medicaid recipient's illness, injury, or condition;

     d.     the specific uniform national Healthcare Common Procedure Coding System (HCPCS) code established by CMS to define and describe the DME for which payment was sought;

     e.     the name and unique physician identification number ("UPIN") or national provider identifier ("NPI") of the physician who prescribed or ordered the DME for which payment was sought;

     f.     all applicable modifier codes.

11.     DME providers in Texas were required to submit their Texas Medicaid bills or claims to TMHP. Although providers may have sometimes submitted claims in groups for efficiency, every claim was considered individually. Claims to Texas Medicaid were paid either by paper check delivered to the United States Postal Service or by wire or radio transmissions, in transactions known as electronic funds transfers.

12.     For each claim submitted, the Texas Medicaid provider certified, among other things, that: (a) the information on the claim form was true, accurate, and complete; (b) the medical services had been provided to the Texas Medicaid recipient; and (c) the medical services listed on the claim were medically indicated and necessary to the health of the Texas Medicaid recipient.

13.     Texas Medicaid rules excluded some types of DME. In addition, Texas Medicaid placed monthly or yearly limits on some DME. For example, various rules limited the quantity of incontinent supplies that were allowed to any recipient each month.

## HACIENDA DME AND THE DEFENDANTS

14.     On or about December 20, 2005, G.G., on behalf of Hacienda DME, also known as Hacienda DME LLC (hereinafter referred to as "Hacienda DME"), applied to be a provider in the Texas Medicaid program.   Texas Provider Identifier (TPI) # 1782120-02 was assigned to Hacienda DME.   (National Provider Identifier (NPI) # 1093744161 was assigned to Hacienda DME.)

15.     Hacienda DME, located in Hidalgo County, Texas, ostensibly provided durable medical equipment to Texas Medicaid recipients (hereinafter referred to as recipients) in Hidalgo County.

16.     Defendant MARIA TERESA PAZ GARZA (hereinafter referred to as "GARZA") was an owner and operator of Hacienda DME.

17.     Defendant BERTHA ALICIA LOPEZ (hereinafter referred to as "LOPEZ") was a marketer and vendor for Hacienda DME.

18.     Defendant MIRIAM AGUILAR (hereinafter referred to as "AGUILAR") was a delivery driver and a recruiter for Hacienda DME.

19.     Defendant NANCY MONSERRAT GALVAN RANGEL (hereinafter referred to as "RANGEL") was a biller and a recruiter for Hacienda DME.

20.     Defendant VERONICA CRUZ (hereinafter referred to as "CRUZ") recruited Texas Medicaid recipients for Hacienda DME.

21.     Defendant ANGELICA HERRERA SAENZ (hereinafter referred to as "SAENZ") recruited Texas Medicaid recipients for Hacienda DME.

22.     Defendant YOLOTZI LARA (hereinafter referred to as "LARA") recruited Texas Medicaid recipients for Hacienda DME.

## TEXAS MEDICAID BILLINGS AND PAYMENTS

23.     From on or about March 6, 2008 through on or about August 6, 2013, the defendants submitted or caused others to submit false or fraudulent claims in the approximate aggregate sum of $2,505,064.50 to Texas Medicaid, for durable medical equipment that was not provided and/or was not authorized by a physician.   As a result of said false or fraudulent claims, Texas Medicaid paid the approximate aggregate sum of $1,805,940.12.

## COUNT ONE
## CONSPIRACY TO COMMIT HEALTH CARE FRAUD

24.     The Grand Jury incorporates by reference paragraphs 1 through 23 as though fully restated and re-alleged herein.

25.     Beginning on or about March 6, 2008 through on or about August 6, 2013, in the McAllen Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

**MARIA TERESA PAZ GARZA
BERTHA ALICIA LOPEZ
MIRIAM AGUILAR
NANCY MONSERRAT GALVAN RANGEL
VERONICA CRUZ
ANGELICA HERRERA SAENZ
and
YOLOTZI LARA**

did conspire and agree together, with each other, and with other persons known and unknown to the Grand Jury, to knowingly and willfully, in violation of Title 18, United States Code, Section 1347, execute a scheme and artifice to defraud the health care benefit program known as Texas Medicaid or to obtain, by false or fraudulent pretenses, representations, or promises, any of the money and or property owned by or under the control of said health care benefit program in connection with the delivery of or payment for health care benefits, items, and medical services.

7

All in violation of Title 18, United States Code, Section 1349.

## OBJECT OF CONSPIRACY

26.     The object and purpose of the conspiracy and scheme was to defraud the government-sponsored health care benefit program known as Texas Medicaid, and to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Texas Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or medical services.

## MANNER AND MEANS

27.     In order to execute and carry out their illegal activities, defendants committed the following acts:

(a)     The defendants submitted or caused others to submit false or fraudulent claims with Texas Medicaid for reimbursement of durable medical equipment, specifically incontinence supplies, that was not provided, was not fully provided, and/or was not authorized by a physician.   The defendants filed or caused others to file the claims with Texas Medicaid knowing that said claims were false and fraudulent since the incontinence supplies were not provided, were not fully provided, and/or were not authorized by a physician.

(b)     The defendants billed Texas Medicaid for larger, higher-paying sizes of pull-ups and diapers regardless of whether those sizes were needed by the recipients and/or provided to the recipients because the Texas Medicaid program paid more for those sizes.   Additionally, the defendants substituted less expensive supplies in deliveries to Texas Medicaid recipients than that which were actually billed for by Hacienda DME in order to receive higher reimbursements from Texas Medicaid.

(c)     The defendants forged and/or caused others to forge the signatures of physicians on the required Title XIX referral forms, knowing that the physicians did not authorize the need for incontinence supplies and/or that the recipients did not need or qualify for incontinence supplies.

(d)     During and in relation to their fraudulent conduct and to further their scheme and artifice to defraud Texas Medicaid, the defendants knowingly transferred, possessed, or used, or knowingly caused others to transfer, possess, or use, without lawful authority, one of more means of identification, specifically the names and physician identification numbers of numerous area doctors, to execute their scheme and artifice to commit health care fraud.

8

(e)   In violation of Texas Medicaid guidelines and the anti-kickback statute, Defendant **GARZA** executed a scheme to defraud whereby she paid illegal kickbacks, in the form of cash money or checks, in exchange for patient information, specifically, patient Texas Medicaid numbers contained on Title XIX forms.   Defendant **GARZA** and/or her co-conspirators would then use the fraudulently obtained Texas Medicaid numbers to submit or cause others to submit claims to Texas Medicaid in order to receive reimbursements.

Additionally, Defendant **GARZA** executed a scheme to defraud whereby she and/or her co-conspirators bought back the incontinence supplies that had previously been delivered to Texas Medicaid recipients and billed for by Hacienda DME.   The supplies were then subsequently restocked so that Hacienda DME could utilize the same supplies again in a scheme to defraud Texas Medicaid.

(f)   In violation of Texas Medicaid guidelines and the anti-kickback statute, Defendant **LOPEZ** paid illegal kickbacks to Texas Medicaid recipients in the form of cash money for their patient information, including their Texas Medicaid numbers contained on Title XIX forms.   Defendant **LOPEZ** subsequently sold the signed Title XIX forms to Defendant GARZA, also in violation of Texas Medicaid guidelines and the anti-kickback statute.   Defendant GARZA and/or her co-conspirators would then use the fraudulently obtained Texas Medicaid numbers to submit or cause others to submit claims to Texas Medicaid in order to receive reimbursements.

Additionally, Defendant **LOPEZ** bought back incontinence supplies from Texas Medicaid recipients who had received the supplies from Hacienda DME and/or paid cash money to the Texas Medicaid recipients in lieu of delivering supplies to said Texas Medicaid recipients.   Defendant **LOPEZ** forged physicians' signatures on the required Title XIX forms.

(g)   In violation of Texas Medicaid guidelines and the anti-kickback statute, Defendant **AGUILAR** paid illegal kickbacks to Texas Medicaid recipients in the form of cash money for their patient information, including their Texas Medicaid numbers contained on Title XIX forms.   Defendant **AGUILAR** also bought back incontinence supplies, per GARZA'S instructions, from Texas Medicaid recipients who she had previously delivered said supplies to as a delivery driver for Hacienda DME.

Additionally, Defendant **AGUILAR**, per Defendant GARZA's instructions, substituted less expensive incontinence supplies during her deliveries and/or delivered less incontinence supplies to Texas Medicaid recipients than the quantity that was listed on the delivery tickets and billed for by Hacienda DME.   Defendant **AGUILAR** signed falsified delivery tickets, also per Defendant GARZA's instructions, in order make the fraudulent claims submitted to Texas Medicaid appear legitimate.

9

(h)     In violation of Texas Medicaid guidelines and the anti-kickback statute, Defendant **RANGEL** paid and/or accepted illegal kickbacks to and/or from Texas Medicaid recipients in the form of cash money for their patient information, including their Texas Medicaid numbers contained on Title XIX forms. Defendant **GARZA** and/or her co-conspirators would then use the fraudulently obtained Texas Medicaid numbers to submit or cause others to submit claims to Texas Medicaid in order to receive reimbursements.

(i)     In violation of Texas Medicaid guidelines and the anti-kickback statute, Defendant **CRUZ** sold Title XIX forms, containing patient information and the Texas Medicaid numbers of recipients, to Defendant **GARZA** and/or Defendant **LOPEZ**. Defendant **GARZA** and/or her co-conspirators would then use the fraudulently obtained Texas Medicaid numbers to submit or cause others to submit claims to Texas Medicaid in order to receive reimbursements.

Additionally, Defendant **CRUZ** sold incontinence supplies, previously delivered to Texas Medicaid recipients, to Defendant **LOPEZ** for cash money.

(j)     In violation of Texas Medicaid guidelines and the anti-kickback statute, Defendant **SAENZ** sold Title XIX forms, containing patient information and the Texas Medicaid numbers of recipients, to Defendant RANGEL and/or Defendant LOPEZ. Defendant GARZA and/or her co-conspirators would then use the fraudulently obtained Texas Medicaid numbers to submit or cause others to submit claims to Texas Medicaid in order to receive reimbursements.

Additionally, Defendant **SAENZ** sold incontinence supplies, previously delivered to Texas Medicaid recipients, to Defendant LOPEZ for cash money.

(k)     In violation of Texas Medicaid guidelines and the anti-kickback statute, Defendant **LARA** sold Title XIX forms, containing patient information and the Texas Medicaid numbers of recipients, to Defendant GARZA. Defendant GARZA and/or her co-conspirators would then use the fraudulently obtained Texas Medicaid numbers to submit or cause others to submit claims to Texas Medicaid in order to receive reimbursements.

Additionally, Defendant **LARA** sold incontinence supplies, previously delivered to Texas Medicaid recipients, to Defendant LOPEZ for cash money.

## ACTS IN FURTHERANCE OF CONSPIRACY

28.     See Counts 2-5, Counts 7-10, Count 11, Count 13, and Count 15 (paragraphs 30, 34, 36, 40, and 44 respectively) below.

## COUNTS TWO THROUGH FIVE
## HEALTH CARE FRAUD

29.     The Grand Jury incorporates by reference paragraphs 1 through 23 and paragraph 27 as though fully restated and re-alleged herein.

30.     Beginning on or about August 8, 2011 through on or about December 30, 2011, the exact dates unknown to the Grand Jury, in the McAllen Division of the Southern District of Texas and elsewhere, the defendants,

### MARIA TERESA PAZ GARZA
### BERTHA ALICIA LOPEZ
### MIRIAM AGUILAR
### and
### NANCY MONSERRAT GALVAN RANGEL

aiding and abetting one another, did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as Texas Medicaid, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Texas Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or services.   Defendant submitted, aided, abetted, counseled, commanded, induced, procured or otherwise facilitated or caused each other and others to submit false and fraudulent claims to TMHP (Texas Medicaid & Healthcare Partnership), for medical benefits, items, and services which were not provided, including, but not limited to the following:

11

| Count | Patient | Last 4 digits of Patient's Medicaid Number | Date of Alleged Service (On or about) | Date Billed (On or about) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent |
|---|---|---|---|---|---|---|
| 2 | F.F. | 7629 | 8/8/11 | 8/8/11 | $296.00 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |
| 3 | C.P. | 5538 | 10/18/11 | 10/21/11 | $256.98 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |
| 4 | T.L. | 0537 | 11/8/11 | 11/9/11 | $218.58 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |
| 5 | M.C. | 8717 | 12/22/11 | 12/30/11 | $294.00 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT SIX
## AGGRAVATED IDENTITY THEFT

31.     The Grand Jury incorporates by reference paragraphs 1 through 23 and paragraph 27 as though fully restated and re-alleged herein.

32.     On or about November 9, 2011, the exact dates being unknown to the Grand Jury, in the McAllen Division of the Southern District of Texas and elsewhere, the defendants,

12

**MARIA TERESA PAZ GARZA**
**BERTHA ALICIA LOPEZ**
**MIRIAM AGUILAR**
**and**
**NANCY MONSERRAT GALVAN RANGEL**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health

Care Fraud, aiding and abetting one another, did knowingly transfer, possess, or use, without

lawful authority, a means of identification of another person, including but not limited to the

following:

| Count | Patient | Date of Alleged Service (On or about) | Date Billed (On or About) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent | Means of ID Used Without Lawful Authority on False and Fraudulent Claim |
|---|---|---|---|---|---|---|
| 6 | T.L. | 11/8/11 | 11/9/11 | 218.58 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. (See Count 4.) | Name and physician identification number of Dr. P.D. |

All in violation of Title 18, United States Codes, Sections 1028A and 2.

## COUNTS SEVEN THROUGH TEN
## HEALTH CARE FRAUD

33.     The Grand Jury incorporates by reference paragraphs 1 through 23 and paragraph

27 as though fully restated and re-alleged herein.

34.     Beginning on or about January 17, 2012 through on or about December 12, 2012,

the exact dates unknown to the Grand Jury, in the McAllen Division of the Southern District of

Texas and elsewhere, the defendants,

MARIA TERESA PAZ GARZA
BERTHA ALICIA LOPEZ
and
MIRIAM AGUILAR

aiding and abetting one another, did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as Texas Medicaid, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Texas Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or services. Defendant submitted, aided, abetted, counseled, commanded, induced, procured or otherwise facilitated or caused each other and others to submit false and fraudulent claims to TMHP (Texas Medicaid & Healthcare Partnership), for medical benefits, items, and services which were not provided, including, but not limited to the following:

| Count | Patient | Last 4 digits of Patient's Medicaid Number | Date of Alleged Service (On or about) | Date Billed (On or about) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent |
|-------|---------|---------|---------|---------|---------|---------|
| 7 | B.R. | 7918 | 1/17/12 | 1/18/12 | $220.20 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |
| 8 | D.M. | 0144 | 7/3/12 | 7/5/12 | $234.00 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |
| 9 | J.A.B. | 1975 | 9/5/12 | 9/6/12 | $256.98 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |

14

| Count | Patient | Last 4 digits of Patient's Medicaid Number | Date of Alleged Service (On or about) | Date Billed (On or about) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent |
|-------|---------|------|----------|----------|----------|------------------------------------|
| 10 | J.R.B. | 5211 | 12/12/12 | 12/12/12 | $218.58 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT ELEVEN
## HEALTH CARE FRAUD

35.    The Grand Jury incorporates by reference paragraphs 1 through 23 and paragraph 27 as though fully restated and re-alleged herein.

36.    On or about August 4, 2011, the exact dates unknown to the Grand Jury, in the McAllen Division of the Southern District of Texas and elsewhere, the defendants,

**MARIA TERESA PAZ GARZA**
**BERTHA ALICIA LOPEZ**
**and**
**VERONICA CRUZ**

aiding and abetting one another, did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as Texas Medicaid, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Texas Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or services.   Defendant submitted, aided, abetted, counseled, commanded, induced, procured or otherwise facilitated or caused each other and others to submit false and fraudulent claims to TMHP (Texas Medicaid & Healthcare Partnership), for medical benefits, items, and services which were not provided, including, but not limited to the following:

15

| Count | Patient | Last 4 digits of Patient's Medicaid Number | Date of Alleged Service (On or about) | Date Billed (On or about) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent |
|-------|---------|---------|---------|---------|---------|---------|
| 11 | P.C. | 1034 | 8/2/11 | 8/4/11 | $296.00 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT TWELVE
## AGGRAVATED IDENTITY THEFT

37.    The Grand Jury incorporates by reference paragraphs 1 through 23 and paragraph 27 as though fully restated and re-alleged herein.

38.    On or about August 4, 2011, the exact dates being unknown to the Grand Jury, in the McAllen Division of the Southern District of Texas and elsewhere, the defendants,

**MARIA TERESA PAZ GARZA
BERTHA ALICIA LOPEZ
and
VERONICA CRUZ**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, aiding and abetting one another, did knowingly transfer, possess, or use, without lawful authority, a means of identification of another person, including but not limited to the following:

| Count | Patient | Date of Alleged Service (On or about) | Date Billed (On or About) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent | Means of ID Used Without Lawful Authority on False and Fraudulent Claim |
|-------|---------|------|------|------|------|------|
| 12 | P.C. | 8/2/11 | 8/4/11 | $296.00 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. (See Count 11.) | Name and physician identification number of Dr. M.H. |

All in violation of Title 18, United States Codes, Sections 1028A and 2.

## COUNT THIRTEEN
## HEALTH CARE FRAUD

39.    The Grand Jury incorporates by reference paragraphs 1 through 23 and paragraph 27 as though fully restated and re-alleged herein.

40.    On or about February 8, 2012, the exact dates unknown to the Grand Jury, in the McAllen Division of the Southern District of Texas and elsewhere, the defendants,

**MARIA TERESA PAZ GARZA**
**BERTHA ALICIA LOPEZ**
**and**
**ANGELICA HERRERA SAENZ**

aiding and abetting one another, did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as Texas Medicaid, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Texas Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or services.

Defendant submitted, aided, abetted, counseled, commanded, induced, procured or otherwise facilitated or caused each other and others to submit false and fraudulent claims to TMHP (Texas Medicaid & Healthcare Partnership), for medical benefits, items, and services which were not provided, including, but not limited to the following:

| Count | Patient | Last 4 digits of Patient's Medicaid Number | Date of Alleged Service (On or about) | Date Billed (On or about) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent |
|-------|---------|------|------|------|------|------|
| 13 | B.D. | 6595 | 2/7/12 | 2/8/12 | $277.80 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT FOURTEEN
## AGGRAVATED IDENTITY THEFT

41.    The Grand Jury incorporates by reference paragraphs 1 through 23 and paragraph 27 as though fully restated and re-alleged herein.

42.    On or about February 8, 2012, the exact dates being unknown to the Grand Jury, in the McAllen Division of the Southern District of Texas and elsewhere, the defendants,

**MARIA TERESA PAZ GARZA
BERTHA ALICIA LOPEZ
and
ANGELICA HERRERA SAENZ**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, aiding and abetting one another, did knowingly transfer, possess, or use, without lawful authority, a means of identification of another person, including but not limited to the following:

| Count | Patient | Date of Alleged Service (On or about) | Date Billed (On or About) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent | Means of ID Used Without Lawful Authority on False and Fraudulent Claim |
|---|---|---|---|---|---|---|
| 14 | B.D. | 2/7/12 | 2/8/12 | $277.80 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. (See Count 13.) | Name and physician identification number of Dr. R.A. |

All in violation of Title 18, United States Codes, Sections 1028A and 2.

## COUNT FIFTEEN
## HEALTH CARE FRAUD

43.    The Grand Jury incorporates by reference paragraphs 1 through 23 and paragraph 27 as though fully restated and re-alleged herein.

44.    On or about September 13, 2012, the exact dates unknown to the Grand Jury, in the McAllen Division of the Southern District of Texas and elsewhere, the defendants,

### MARIA TERESA PAZ GARZA
### BERTHA ALICIA LOPEZ
### and
### YOLOTZI LARA

aiding and abetting one another, did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as Texas Medicaid, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Texas Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or services. Defendant submitted, aided, abetted, counseled, commanded, induced, procured or otherwise facilitated or caused each other and others to submit false and fraudulent claims to TMHP (Texas Medicaid & Healthcare Partnership), for medical benefits, items,

and services which were not provided, including, but not limited to the following:

| Count | Patient | Last 4 digits of Patient's Medicaid Number | Date of Alleged Service (On or about) | Date Billed (On or about) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent |
|---|---|---|---|---|---|---|
| 15 | K.M. | 5280 | 9/12/12 | 9/13/12 | $204.18 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT SIXTEEN
## AGGRAVATED IDENTITY THEFT

45.     The Grand Jury incorporates by reference paragraphs 1 through 23 and paragraph 27 as though fully restated and re-alleged herein.

46.     On or about September 13, 2012, the exact dates being unknown to the Grand Jury, in the McAllen Division of the Southern District of Texas and elsewhere, the defendants,

**MARIA TERESA PAZ GARZA**
**BERTHA ALICIA LOPEZ**
**and**
**YOLOTZI LARA**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, aiding and abetting one another, did knowingly transfer, possess, or use, without lawful authority, a means of identification of another person, including but not limited to the following:

20

| Count | Patient | Date of Alleged Service (On or about) | Date Billed (On or About) | Amount Billed | Reason Claim Submitted to Texas Medicaid Was False and Fraudulent | Means of ID Used Without Lawful Authority on False and Fraudulent Claim |
|---|---|---|---|---|---|---|
| 16 | K.M. | 9/12/12 | 9/13/12 | $204.18 | Incontinence supplies were not authorized by a physician. Doctor's signature was forged on Title XIX form. (See Count 15.) | Name and physician identification number of Dr. J.B. |

All in violation of Title 18, United States Codes, Sections 1028A and 2.

## NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(7))

Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the criminal offenses charged in Counts 1 through 5, 7 through 11, 13 and 15 of this Indictment, the United States of America gives the defendants,

**MARIA TERESA PAZ GARZA**
**BERTHA ALICIA LOPEZ**
**MIRIAM AGUILAR**
**NANCY MONSERRAT GALVAN RANGEL**
**VERONICA CRUZ**
**ANGELICA HERRERA SAENZ**
**and**
**YOLOTZI LARA**

notice that upon their conviction of a health care offense, all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offense, is subject to forfeiture.

21

**Money Judgment**

The defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which is in the amount of at least $1,814,832.98, and for which the Defendants may be jointly and severally liable.

**Substitute Assets**

The defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
MICHAEL E. DAY
ASSISTANT UNITED STATES ATTOREY